Filed in Keith District Court
*** EFILED ***
Case Number: D68CI180000022
Transaction ID: 0006345768
Filing Date: 01/25/2018 02:24:02 PM MST

IN THE DISTRICT COURT OF KEITH COUNTY, NEBRASKA

| | |
|---|---|
| MARINO LORETO, | CASE NO. CI 18- 22 |
| Plaintiff, | COMPLAINT |
| vs. | |
| BOHREN LOGISTICS, INC., an Indiana corporation, and TONY WEEKLY JR., | |
| Defendants. | |

COMES NOW, the Plaintiff, above named, by and through counsel, Steven P. Vinton and Colten C. Venteicher, Bacon & Vinton, LLC, and files this complaint and in support thereof states as follows:

## PARTIES, JURISDICTION, VENUE

1. The Plaintiff, Marino Loreto is a resident of the State of Colorado.

2. The Defendant, Bohren Logistics, Inc., ("Bohren") is a trucking company that transports freight in interstate commerce and is incorporated in the State of Indiana with a principal place of business located at 325 N. Taylor Road, Garrett, Indiana 46738.

3. Defendant, Tony Weekly, Jr., is a resident of the State of Florida, and resides at 5631 Highway 4, Baker, Florida 46406; at all relevant times hereto, Mr. Weekly is a truck driver employee, agent, or servant of Defendant Bohren.

4. Jurisdiction is proper, and venue is proper in Keith County because that is where the incident occurred.

## FACTS

5. On or about July 31, 2016, the Plaintiff was in the passenger seat of his vehicle with his friend and business partner, Terry R. Sullivan, who was operating the vehicle, heading westbound on interstate 80 in Keith County, Nebraska.

6. At the same time and place, within the scope of his employment with Defendant Bohren, Defendant Weekly was driving in a Bohren owned vehicle also heading westbound on interstate 80 in Keith County, Nebraska.

7. Both parties approached a marked construction zone and Plaintiff's vehicle came to a stop.

8. Defendant Weekly failed to stop and drove the Bohren tractor-trailer into several vehicles, including Plaintiff's vehicle.

9. As a result of the incident in question, the Plaintiff has suffered injuries, directly and proximately caused by the Defendants.

## COUNT ONE

10. The Plaintiff hereby incorporates all the above paragraphs.

11. Defendant Weekly was operating the vehicle within the scope of employment as an employee, agent or servant of Bohren.

12. At all relevant times, Bohren knew, consented, and permitted Defendant weekly to operate the tractor trailer.

13. As Defendant Weekly's employer or principal, Bohren is liable for the negligent acts or omissions of Defendant Weekly that caused the injuries to Plaintiff. Bohren's negligence directly caused, or directly contributed to cause, Plaintiff to suffer serious and permanent bodily injuries and lost wages.

## COUNT TWO

14. The Plaintiff hereby incorporates all the above paragraphs.

15. Defendant Weekly, while operating in the scope of his employment with Bohren acted negligently by one or more of the following negligent acts and/or omissions:

(a) Operated the truck at a speed which was greater than reasonable and prudent with regard to actual and potential hazards then existing, contrary to and in violation of Neb. Rev. Stat. § 60-6,185;

(b) Operated the truck at a speed which was greater than reasonable and prudent when special hazards existed with respect to highway conditions, contrary to and in violation of Neb. Rev. Stat. § 60-6,185;

(c) Failed to properly and timely apply the brakes;

(d) Failed to keep a proper and sufficient look-out;

(e) Carelessly and negligently drove the front of the truck into the rear of the vehicle in which the Plaintiff was a passenger;

(f) Failed to exercise due care in the operation of the aforesaid truck and trailer;

(g) Negligently failed to decrease speed as necessary in order to avoid colliding with a vehicle in which the Plaintiff was a passenger;

(h) Negligently followed the vehicle in which the Plaintiffs decedent was a passenger more closely than was reasonable and proper;

(i) Operated a motor vehicle with a reckless disregard for the safety of others, including the Plaintiff;

(j) Negligently failed to take reasonable action to avoid a collision;

(k) Failed to yield the right-of-way to all vehicles approaching on such highway, including the vehicle in which the Plaintiff was a passenger, contrary to and in violation of Neb. Rev. Stat. § 60-6,149;

(l) Moved the aforesaid truck and trailer, which was stopped, standing, or parked, without yielding the right-of-way to all other vehicles and pedestrians affected by such movement and at a time when such movement could not be made with reasonable safety, contrary to and in violation of Neb. Rev. Stat. § 60-6,150; and

(m) Was otherwise careless and negligent.

16. Defendant Weekly's conduct is a direct and proximate cause or direct contributory cause of Plaintiff's injuries and damages.

17. Defendant Weekly's conduct is attributable to Bohren under the doctrine of respondent superior.

**WHEREFORE** Plaintiff prays for damages for injuries, economic and non-economic damages, enumerated above and for all allowable relief that is just and proper and allowable under Nebraska law.

TRIAL BY JURY DEMANDED

DATED: January 25, 2018.

MARINO LORETO, Plaintiff,

BY: _____
[ ] Steven P. Vinton, #17817
[X] Colten C. Venteicher, #26117
BACON & VINTON, L.L.C.
Attorneys at Law
416 10th Street
P.O. Box 208
Gothenburg, NE 69138
(308) 537-7161
Attorneys for the Plaintiff
svinton@bacon-vinton.com
coltenv@bacon-vinton.com

\\lawyer\shared\Docs\Active\MaloneMark-7142\Marino Loreto-7142.700\Pleadings\Complaint.doc