IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MERINO LORETO, <br><br> Plaintiff, <br><br> vs. <br><br> TONY WEEKLY JR., BOHREN LOGISTICS, INC., an Indiana corporation; INTERSTATE HIGHWAY CONSTRUCTION, INC., and D.P. SAWYER, INC., <br><br> Defendants. | 7:18CV5004 <br><br> **FINDINGS AND RECOMMENDATION** |

      This matter is before the Court on Plaintiff's Motion to Remand. (Filing No. 28.) For the reasons set forth below, the undersigned will recommend that the motion be granted.

**FACTS**

      On or about January 25, 2018, Plaintiff instituted this action against Defendants Bohren Logistics, Inc. ("Bohren") and Tony Weekly, Jr. ("Weekly") in the District Court of Keith County, Nebraska. (Filing No. 1-1.) Bohren is an Indiana corporation, and Weekly is a resident of Florida. Plaintiff is a resident of Colorado.

      On February 26, 2018, Bohren and Weekly removed this suit to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). Plaintiff filed an Amended Complaint (Filing No. 12) on March 19, 2018, adding D.P. Sawyer, Inc. ("D.P. Sawyer") and Interstate Highway Construction, Inc. ("IHC") as defendants. IHC is a citizen of Colorado. (Filing No. 29-1.)

      Plaintiff filed the instant Motion to Remand (Filing No. 28) on May 1, 2018. Defendants have not responded to the motion.

**DISCUSSION**

A defendant may remove an action from state court to federal court when a federal court would have had original subject matter jurisdiction over the action. 28 U.S.C. § 1441. Federal district courts have original jurisdiction over cases that meet the standards for diversity jurisdiction. Diversity jurisdiction exists when an action is between citizens of different states and the amount in controversy exceeds the sum of $75,000. 28 U.S.C. § 1332. Diversity jurisdiction can only be maintained, however, "where there is complete diversity, that is, where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Junk v. Terminix International Company*, 628 F.3d 439, 445 (8th Cir. 2010) (internal quotation omitted). "The burden of establishing that a cause of action lies within the limited jurisdiction of the federal courts is on the party asserting jurisdiction." *Arkansas Blue Cross & Blue Shield of Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009). "Federal courts are to resolve all doubts about federal jurisdiction in favor of remand." *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007) (internal quotation omitted).

Plaintiff and Defendant IHC are each residents of Colorado. Therefore, complete diversity, as is necessary for this Court's exercise of diversity jurisdiction under 28 U.S.C. § 1332(a), does not exist. Additionally, there is no federal question jurisdiction under 28 U.S.C. § 1331, as this is a personal injury action arising out of a motor vehicle accident. Thus, the undersigned finds that this case should be remanded to the District Court of Keith County, Nebraska.

**IT IS HEREBY RECOMMENDED** to Chief United States District Court Judge Laurie Smith Camp that Plaintiff's Motion to Remand (Filing No. 28) be granted.

Dated this 15th day of June, 2018.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

## ADMONITION

A party may object to a magistrate judge's order by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. Failure to timely object may constitute a waiver of any objection.